**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2089
_____

UNITED STATES OF AMERICA

v.

ALLEN ENOCH,
            Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-09-cr-00266-001)
District Court Judge: Honorable J. Curtis Joyner
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on August 22, 2023
_____

BEFORE: RESTREPO, FUENTES and AMBRO,[*] *Circuit Judges*

(Filed: September 6, 2023)

_____

OPINION[•]
_____

---

[*] Judge Ambro assumed senior status on February 6, 2023.

[•] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

RESTREPO, *Circuit Judge*

Appellant Allen Enoch appeals his enhanced sentence under the Armed Career Criminal Act ("ACCA" or "the Act"), arguing, *inter alia*, that his prior Pennsylvania convictions for first-degree robbery should count as a single offense because they were committed on one occasion.[1]   We will vacate Enoch's sentence and remand for resentencing so that the District Court can make this factual determination in the first instance.

## I.    Background

In May 2010, Enoch pled guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e).  His prior convictions included five Pennsylvania first-degree robbery convictions under 18 Pa. C.S. § 3701 arising from his conduct on one day in 1998.  In the pre-sentence report, the probation officer deemed Enoch an armed career criminal because at least three of those robberies qualified as "violent felonies" under ACCA.[2]   The District Court agreed, but rather than

---

[1] ACCA requires a fifteen-year mandatory minimum term of imprisonment for anyone convicted of a firearms offense under 18 U.S.C. § 922(g) who has at least three prior convictions for a "violent felony or a serious drug offense, or both, committed on occasions different from one another."  18 U.S.C. § 924(e)(1).  Enoch also argues on appeal that his robbery convictions do not qualify as violent offenses under ACCA.  Because Enoch would not have the requisite number of prior convictions if the robberies were committed on one occasion, we need not address this argument here.

[2] The report also included Enoch's prior Pennsylvania conviction for first-degree aggravated assault in violation of 18 Pa. C.S. § 2702.  Enoch chose not to address this conviction on appeal because "the decisive question here is whether first-degree robbery is a violent felony predicate."  Appellant's Br. 4.  In any event, this Court has since held in *United States v. Harris*, 68 F.4th 140 (3d Cir. 2023), that a Pennsylvania conviction for first-degree aggravated assault does not qualify as a predicate offense under ACCA.

impose ACCA's mandatory minimum sentence of fifteen years' imprisonment, it granted a downward departure. In August 2010, Enoch was sentenced to 10 years' imprisonment and five years' supervised release. He did not file a direct appeal.

In May 2016, Enoch moved to correct his sentence pursuant to 28 U.S.C. § 2255 following the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015), which he argued held that his prior robbery convictions no longer qualified as violent felonies under ACCA. *Johnson* invalidated as unconstitutionally vague the "residual clause" of ACCA, which covered crimes punishable by a term of imprisonment exceeding one year that "involve[d] conduct that present[ed] a serious potential risk of physical injury to another." *Id.* at 596, 606; *see also* 18 U.S.C. § 924(e)(2)(B)(ii). Enoch argued his robbery convictions only qualified under the residual clause, rendering his ACCA-enhanced sentence illegal.[3]

The District Court rejected this argument and denied Enoch's § 2255 motion. Enoch filed a timely notice of appeal. On remand from this Court, the District Court decided against issuing a certificate of appealability ("COA"). Enoch filed a motion for a COA with this Court, which we granted on the question of "whether Appellant's due process rights were violated by the use of his Pennsylvania robbery convictions to enhance his sentence under the Armed Career Criminal Act." App. at 5.

---

[3] In a subsequently filed memorandum of law, Enoch also argued the Pennsylvania robbery statute,18 Pa. C.S. § 3701, is indivisible pursuant to *Mathis v. United States*, 136 S. Ct. 2243 (2016). This Court has since held that § 3701 is divisible. *United States v. Peppers*, 899 F.3d 211, 232 (3d Cir. 2018).

Enoch argued his due process rights were violated by his enhanced sentence because he did not have the requisite three prior convictions for violent felonies committed on separate occasions. He claims his five convictions of robbery arose from one criminal episode because the state records indicate the robberies "could have all been committed at the same time and . . . place." Appellant's Br. 36. In response, the government contends that Enoch admitted to committing "at least" five discrete robberies during his guilty plea colloquy. The government argues that the robberies constituted different occasions because they involved different victims, were distinct in time and place, and Enoch had the opportunity between the robberies to withdraw from criminal activity.

Before issuing an opinion, this Court stayed the appeal pending a decision in a related case, *United States v. Harris*, 68 F.4th 140 (3d Cir. 2023). Before *Harris* was decided, the United States Supreme Court issued *Wooden v. United States*, 142 S. Ct. 1063 (2022), which reconciled the Circuits' differing interpretations of ACCA's "occasions" clause and held that a single occasion "may itself encompass multiple, temporally distinct activities." *Id.* at 1069.[4] *Wooden* holds that employing a multi-factored inquiry when

---

[4] Advising on the proper application of the "occasions" clause, the Court presented a "multi-factored" inquiry that encompasses "a range of circumstances that may be relevant:"

> Offenses committed close in time, in an uninterrupted course of conduct, will often count as part of one occasion; not so offenses separated by substantial gaps in time or significant intervening events. Proximity of location is also important; the further away crimes take place, the less likely they are components of the same criminal event. And the character and relationship of the offenses may make a difference: The more similar or intertwined the conduct giving rise to the offenses—the more, for example, they share a common scheme or purpose—the more apt they are to compose one occasion.

4

applying the "occasions" clause furthers what the Court has "always recognized as the ACCA's purpose"—to address those offenders who have "repeatedly committed violent crimes." *Id.* at 1074 (citing *Begay v. United States*, 553 U.S. 137, 146 (2008)). If the section 922(g) offender's prior convictions arise from the same occasion, ACCA is applied too broadly, and the enhanced mandatory sentence is not warranted. *Id.* at 1073.

In June 2023, this Court asked the parties to address, *inter alia*, the impact of *Wooden*. Enoch argues the decision confirms that his robbery convictions arose from a single episode because the crimes occurred "close in time, close in place, and shared a common scheme and purpose," thereby constituting "a classic spree." Enoch Ltr., June 8, 2023, at 5. He further contends that finding the robberies occurred on different occasions would run counter to *Wooden*'s enunciation of ACCA's purpose, which is to target career criminals. 142 S. Ct. at 1073–74. The government views the factual recitation in Enoch's guilty plea colloquy differently, positing that he admitted to committing at least three robberies "clearly distinct in time, manner, and location" from one another. Gov't Ltr., May 31, 2023, at 8. The government contends *Wooden*'s multi-factored inquiry supports the conclusion that the robberies occurred on separate occasions.

## II.     Discussion[5]

We review the sentence imposed by the District Court under an abuse of discretion standard. "[A] district court will be held to have abused its discretion if its decision was

---

*Id.* at 1071.

[5] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

based on a clearly erroneous factual conclusion or an erroneous legal conclusion." *United States v. Wise*, 515 F.3d 207, 217 (3d Cir. 2008). *See also Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 401 (1990) (stating a reviewing court "would be justified in concluding that a district court had abused its discretion in making a factual finding only if the finding were clearly erroneous"). Here, there is no relevant factual finding for this Court to review.[6]

Given our role as appellate court, we decline to rule on this factual issue in the first instance. *See O'Hanlon v. Uber Techs., Inc.*, 990 F.3d 757, 763 n.3 (3d Cir. 2021) ("[A]s a court of review, not of first view, we will analyze a legal issue without the district court's having done so first only in extraordinary circumstances.") (internal quotation marks and citation omitted). Instead, we will remand for the District Court to address the application of ACCA's "occasions" clause and to apply *Wooden*'s multi-factored inquiry to this case. We therefore vacate Enoch's sentence and remand for further consideration. We express no opinion on what result should flow from addressing whether Enoch's prior convictions

---

[6] The government argues that Enoch is barred from raising the "different occasion" issue on appeal from the denial of his § 2255 motion because he failed to raise it on direct appeal and has not met the burden of proof necessary to overcome the procedural bar. This Court, however, found Enoch's claim of a constitutional violation compelling enough to grant a COA, 28 U.S.C. § 2253(c)(2) (a certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right"), and asked the parties to address the impact of the *Wooden* decision. On remand, the District Court should address whether Enoch's robbery convictions count as a single predicate offense and determine whether enforcing the procedural bar would result in the miscarriage of justice. *See United States v. Mabry*, 536 F.3d 231, 243 (3d Cir. 2008) (approving enforcement of waivers so long as "their enforcement does not work a miscarriage of justice.").

for robbery occurred on "occasions different from one another," 18 U.S.C. § 924(e)(1), and the District Court can determine whether further development of the record is in order.

## III. Conclusion

Consistent with the forgoing, Enoch's sentence will be vacated, and the case remanded for resentencing after consideration of his claim regarding the applicability of ACCA's occasions clause and the parties' arguments regarding *Wooden v. United States*, 142 S. Ct. 1063 (2022).